**Delbert T. GAUER, Plaintiff–Appellant,**

v.

**Joseph CONNORS, Sr.; Paul R. Dean; William A. Jordon; William Miller; Donald Pierce, Jr., Trustees of the United Mine Workers of America Health and Retirement Fund, Defendants–Appellees.**

No. 90–1860.

United States Court of Appeals, Fourth Circuit.

Argued April 8, 1991.

Decided Dec. 18, 1991.

Brent E. Beveridge, Morgantown, W. Va., for plaintiff-appellant.

Janet Alberghini Penz, Sr. Associate Counsel, UMWA Health & Retirement Funds, Washington, D.C., argued (Andree M. St. Martin, Associate Gen. Counsel, UMWA Health & Retirement Funds, Washington, D.C., on the brief), for defendants-appellees.

Before RUSSELL and WIDENER, Circuit Judges, and WILLIAMS, District Judge for the Eastern District of Virginia, sitting by designation.

## OPINION

DONALD RUSSELL, Circuit Judge:

Delbert T. Gauer appeals from the district court's grant of summary judgment for the Trustees of the United Mine Workers of America Health and Retirement Funds ("Trustees"). The district court held that the Trustees did not abuse their discretion in denying Gauer's application for pension benefits under the United Mine Workers of America 1950 Pension Plan ("Pension Plan"). Gauer contends the denial was arbitrary because it was based on an interpretation of the Pension Plan inconsistent with regulations promulgated pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1461 (West 1985 & Supp.1991). Although we disagree with the standard of review applied by the district court, we conclude it reached the correct result and, accordingly, affirm.

### I.

Gauer is a former coal miner who was employed in the bituminous coal industry in West Virginia from 1940 to December 31, 1984, when he retired at age 65. From 1940 until March 1956, he worked for various coal companies as a mechanic. In March 1956, he left his position as a mechanic at Compass Coal Co. and took a salaried position as a maintenance foreman with Consol. Since then, each of his positions in the coal industry has been salaried.

To qualify for benefits under the Pension Plan, an applicant must have attained the age of fifty-five and completed either: (1) twenty years of credited service, including

a variable amount (five years in Gauer's case) of signatory service after May 28, 1946, or (2) ten years of signatory service, including at least three years of signatory service after December 31, 1970. Pension Plan, arts. II.B. & IV.C(4). "Credited service" includes work for an employer in the coal industry in a job classified as such in the bituminous coal wage agreement in effect at the time of employment. *Id.* art. IV.A(1). Gauer's non-salaried employment is "credited service"; his salaried employment is not. "Signatory service" includes credited service with an employer who was a signatory to the bituminous coal wage agreement in effect at the time of employment. *Id.* art. IV.B(1).

Gauer's service does not satisfy these requirements. Gauer does not have twenty years of credited service—his employment up to 1956 amounts to only 14¾ years.* Nor does he have three years of signatory service after 1970—all of his post–1970 employment is salaried and thus non-signatory. Article II, part E of the Pension Plan provides, however, that some service can be used for vesting purposes that does not otherwise qualify for use in calculating pension benefits. The specific exceptions do not apply in Gauer's case. Part E provides that minimum requirements of signatory service can be satisfied by some non-signatory service. The requirement, where applicable, that three years of signatory service be after December 31, 1970, is nowhere waived. Nor is any mention made of satisfying minimum requirements of credited service with non-credited service. Nevertheless, Part E specifies that "[t]he provisions of this paragraph shall be interpreted and construed in accordance with the requirements of ERISA and the regulations issued thereunder." In fact, ERISA and its regulations require modification of the Pension Plan's vesting rules. It is these modifications, not the terms of the Pension Plan itself, that are the basis of Gauer's case. Without ERISA, Gauer would have no hope of recovery.

Article VI, part B of the Pension Plan authorizes the Trustees to "promulgate rules and regulations to implement this Plan." Pursuant to this provision, the Trustees have developed various Questions and Answers ("Q & A's") to be used in interpreting the Pension Plan. Q & A 319 reflects the Trustees' interpretation of the Pension Plan in light of 29 C.F.R. § 2530.-· 210(c) (1991). It provides that nonclassified years of signatory employment shall be used for vesting purposes provided four conditions are met: (1) no periods of non-classified employment shall be credited before age twenty-two; (2) at least three years of signatory service are required after December 31, 1970; (3) such non-classified service must be "contiguous" to classified service; and (4) non-classified service prior to a "break-inservice" shall be disregarded unless the break is "repaired." The Trustees concluded that Gauer's non-classified service was not contiguous to classified service and, on that basis, denied his application for pension benefits. Gauer contends the Trustees misinterpreted ERISA regulations.

## II.

The district court reviewed the Trustees' decision to deny Gauer pension benefits under an abuse of discretion standard. Courts review denials of pension benefits de novo unless the administrator or fiduciary of the pension plan at issue has discretionary authority to determine eligibility for benefits or to construe the terms of the plan. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989); *Boyd v. Trustees of United Mine Workers Health & Retirement Funds,* 873 F.2d 57, 59 (4th Cir.1989). The Trustees do have discretionary authority to construe the plan, but that authority is limited by the terms of ERISA and regulations promulgated thereunder. Pension Plan, art. II.E. The applicability of ERISA and its regulations is a question of law. "When an eligibility determination by plan administrators

---

* Gauer was credited with no service for 1940 and ¾ year service for 1941. His credited service ended on March 10, 1956, which was insufficient to gain pension credit for that year.

turns on a question of law, courts have not hesitated to apply a *de novo* standard of review." *Weil v. Retirement Plan Admin. Comm.,* 913 F.2d 1045, 1049 (2d Cir. 1990), *vacated on other grounds,* 933 F.2d 106 (2d Cir.1991). Because the issue in this case is whether the Trustees' interpretation of the Pension Plan is consistent with ERISA regulations, the proper standard for review is de novo.

The ERISA regulation in question is 29 C.F.R. § 2530.210(c) (1991), promulgated by the Department of Labor in 1976, which provides in part that:

> (1) *Eligibility to participate and vesting.* A multiple employer plan shall be treated as if all maintaining employers constitute a single employer so long as an employee is employed in either covered service or contiguous noncovered service. Accordingly, ... in determining an employee's service for eligibility to participate and vesting purposes, all covered service with an employer or employers maintaining the plan and all contiguous noncovered service *with an employer or employers* maintaining the plan shall be taken into account. Thus, for example, if an employee in service covered under a multiple employer plan leaves covered service with one employer maintaining the plan and is employed immediately thereafter in covered service with another employer maintaining the plan, the plan is required to credit all hours of service with both employers for purposes of participation and vesting. If an employee moves from contiguous noncovered to covered service, or from covered service to contiguous noncovered service, *with the same employer,* the plan is required to credit all hours of service with such employer for purposes of eligibility to participate and vesting.

(emphasis added). Gauer contends that the language "with an employer or employers" indicates that service within the coal industry but not with the same employer still qualifies as contiguous service. Taken in isolation, this language supports his contention. However, the regulation goes on to explain its application, and explicitly states that an employee's noncovered con-

tiguous service *with the same employer* must be credited. Moreover, the Department of Labor published along with the regulation a set of illustrations, one of which is based on this exact set of facts— an employee moving from covered service to uncovered service with different employers, both of whom are contributors to the same multiple employer plan. The result is no credited service with the second employer. *Id.* diagram 2. Thus the Trustees' interpretation of the Pension Plan is consistent with Department of Labor regulations.

Finally, Gauer contends that the district court erred in not considering Gauer's affidavit stating his motivation for changing employment. Under 29 C.F.R. § 2530.-210(c) motivation is irrelevant. Thus Gauer's argument is of no merit.

Because the Trustees interpreted and applied the Pension Plan consistent with regulations promulgated by the Department of Labor, we conclude the district court did not err in granting summary judgment. Accordingly, the district court is affirmed.

AFFIRMED.