Lester A. **STEPHENSON,** Plaintiff,

v.

Michael H. **HOLLAND,**
et al., Defendants.

No. CIV. A. 2:99–0675.

United States District Court,
S.D. West Virginia,
Charleston Division.

July 7, 2000.

Robert B. Wilson, Charleston, WV, for Plaintiff.

Mary Jane Pickens, Shari L. Collias and Susan Cannon–Ryan, Caldwell, Cannon–Ryan & Rifee, Charleston, Glenda S. Finch, Carolyn O. Dutrow, UMWA Health & Retirement Funds, Office of General Counsel, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are the parties' cross-motions for summary judgment.[1] Because the Court determines Plaintiff lacks standing to bring this action, the case is **DISMISSED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Lester Stephenson ("Stephenson") last worked in the mines March 5, 1992, when he sustained a mine accident injury to his left hand and wrist. Stephenson was granted Social Security disability benefits ("SSDI") effective March 5, 1992 on the basis of bipolar disorder and substance addiction disorder. On June 24, 1993 Stephenson applied for a disability pension from the United Mine Workers of America ("UMWA") 1974 Pension Plan and Trust ("the Fund"), of which Defendants are the Trustees. After consideration of the evidence, on January 13, 1994, the Trustees denied his claim. The denial notice stated Stephenson's disabling condition of bipolar disorder and substance addiction disorder pre-existed the March 1992 mining accident so the SSDI benefit

---

1. Also pending is Plaintiff's motion to amend the Complaint to add a claim alleging Defendants' failure to respond to a request for information regarding credited service eligibility. This motion is **DENIED**. Both parties informed the Court Defendants had responded to Plaintiff's request, (see Pl.'s Apr. 28, 2000 letter; Defs.' Resp. to Pl.'s Mot. for Summ. J. at n. 1), and Plaintiff has not alleged the response was legally insufficient as to create a cause of action.

award could not be "by reason of the mine accident," as required by the Plan.

Stephenson appealed the Trustees' decision and provided new evidence to support his claim. His appeal was denied on April 4, 1996 and, on reconsideration, was denied again November 4, 1996, based essentially on failure to establish a causal link between his mine accidents and his SSDI disability disorder. Stephenson again submitted new information to the Fund. On November 14, 1999 on "final reconsideration" of Stephenson's claim, based on "independent' review of his entire pension file," the Trustees denied his claim and informed him: "Your file is now closed and no further review will be taken." (Mem. of P. & A. in Supp. of Defs.' Mot. for Summ. J., Ex. D at 1, 2.) Stephenson has not appealed this final administrative decision.

In this action Stephenson attempts a collateral attack on the process by which the Trustees consider and determine pension claims. Stephenson alleges Defendants violated statutory and regulatory notice requirements by failing to respond adequately to his requests for information. In particular, Stephenson demands to know whether the Plan is following the holding of *Norman v. Holland,* 962 F.Supp. 843 (S.D.W.Va.1996), in determining whether he was eligible for pension benefits. (*See* Compl. ¶ 6.) The Complaint boldly states Stephenson "does not wish to proceed on the merits of the Fund[']s denial until such time as he is given precise reasons for the denial together with the specific factual findings supporting those reasons and an explanation of what policies are being utilized in the review of his application." (*Id.* at 4.)

## II. DISCUSSION

### A. Adequate Notice of Benefit Claim Denial

■ The parties agree the Plan is an ERISA[2] plan which, pursuant to statute

and regulation, is required to provide notice when a benefit claim is denied. "Every employee benefit plan shall ... provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant." 29 U.S.C. § 1133. The regulation elaborates that the notice shall include:

> (1) the specific reason or reasons for the denial; (2) specific reference to pertinent plan provisions on which the denial is based; (3) a description of any additional material or information necessary for the claimant to perfect the claim and explanation of why the additional information is necessary; and (4) appropriate information as to the steps to be taken if the participant or beneficiary wishes to submit his or her claim for review.

29 C.F.R. § 2560.503–1(f). Whether a notice of denial of benefits is adequate, consistent with ERISA regulations, is a question of law, subject to *de novo* review. *See Ellis v. Metropolitan Life Ins. Co.,* 126 F.3d 228, 234 (4th Cir.1997); *Brogan v. Holland,* 105 F.3d 158, 165 (4th Cir.1997) (citing *Gauer v. Connors,* 953 F.2d 97, 99–100 (4th Cir.1991)). The Court has reviewed the Fund's denial notices to Stephenson; however, because the Plaintiff alleges no actual insufficiency in these, the Court declines to pass on their adequacy.

In lieu of allegations concerning facial sufficiency of the benefit denial notices he received, Stephenson instead claims a right to the Fund's statement whether, in the reasoning behind the denials, it is following the ruling in *Norman v. Holland,* 962 F.Supp. 843 (S.D.W.Va.1996) (Goodwin, J.). In *Norman* Judge Goodwin relied on the Fourth Circuit's interpretation of the 1974 Pension Plan to require that, for a disability to be "as the result of a mine accident," the total disability must be

---

**2.** Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.*

proximately caused by the mine accident. That is, if the plaintiff was injured in a mine accident and that injury, whether in combination with a previous or subsequent condition, is substantially responsible for plaintiff's inability to perform his job and for whatever medical and vocational reasons he is unable to perform an alternative job, then his total disability results from a mine accident.

*Norman,* 962 F.Supp. at 845 (quoting *Boyd v. Trustees of the United Mine Workers Health & Retirement Funds,* 873 F.2d 57, 59 (4th Cir.1989)). On this basis, Judge Goodwin ruled, "the question is whether the mine accident was substantially responsible for [plaintiff's] disability, not whether it caused the specific disability noted by [Social Security Administration] in their determination of [social security disability] benefits." *Id.* at 846. Stephenson believes the Fund misapplied the *Norman* standard in his case, (*see* Compl. ¶ 6.), but he did not appeal the adverse decision nor assign this ground as a basis for reversal.

### B. Standing

■ Whether plaintiff has standing to sue is a threshold jurisdictional question. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 101, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Under Article III, Section 2 of the Constitution, federal judicial power extends only to cases and controversies. *See id.* The "irreducible constitutional minimum of standing" contains three requirements. *Id.* (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). There must be alleged (and ultimately proven) (1) an "injury in fact"—a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical; (2) causation—a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant; and (3) redressability—a likelihood that the requested relief will redress the requested injury. *See id.* The party

invoking federal jurisdiction bears the burden of establishing this case-or-controversy standing requirement. *See id.*

■ Even assuming, *arguendo,* the Fund is not applying or is misapplying *Norman,* Stephenson himself could be injured by that failure only if the Fund did not apply or misapplied *Norman* in his case. At this point, Stephenson's alleged injury due to the Fund's application of *Norman* is purely hypothetical and speculative. To determine whether Stephenson was actually injured by the Fund's misapplication of the law, Stephenson must appeal the denial of benefits to him. Only judicial analysis of the facts of Stephenson's case and the merits of the denial will uncover the standards the Fund applied and determine whether Stephenson's benefit denial was wrongful. This is precisely what occurred in the *Norman* case itself, where the Fund applied an incorrect standard and the Court spelled out the correct standard the Fund should apply. If the *Norman* standard should have been applied to the facts of Stephenson's benefit determination, a court examining his appeal would reach the issue and could order the Fund to apply the correct standard.

Absent such judicial determination, however, there is no ground for this Court to determine Stephenson has suffered an injury-in-fact or whether the hypothetical injury was caused by the Fund's misapplication of law. In essence, Stephenson requests an advisory opinion from the Court that the Fund is failing to apply *Norman,* followed by an injunction that it do so.

The Court finds and concludes Plaintiff lacks standing to maintain this civil action to require the Fund to provide notice of the particular policies being utilized in reaching its denial of benefits determinations.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.